**FIRST NATIONAL INSURANCE COMPANY OF AMERICA, Plaintiff–Appellee,**

v.

**JOSEPH R. WUNDERLICH, INC., Joseph R. Wunderlich and Jean Wunderlich, Defendants–Appellants.**

No. 04–2395.

United States Court of Appeals, Second Circuit.

April 15, 2005.

Livingston T. Coulter, Office of Livingston T. Coulter, Schuylerville, NY, for Appellants.

Benjamin D. Lentz, Torre, Lentz Law Firm, Jericho, NY, for Appellee.

Present: FEINBERG, SACK, and KATZMANN, Circuit Judges.

**SUMMARY ORDER**

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the district court be, and it hereby is, AFFIRMED.

Defendants Joseph R. Wunderlich, Inc., Joseph R. Wunderlich, and Jean Wunderlich ("the Wunderlichs") appeal from a judgment of the United States District Court for the Northern District of New York. The district court denied the Wunderlichs' cross-motion to dismiss for lack of jurisdiction and awarded summary judgment to plaintiff First National Insurance Company of America ("First National") on its claim seeking to recover, pursuant to an agreement by the Wunderlichs to indemnify First National, its net loss accrued in the course of fulfilling its obligations under labor and material and performance bonds it had issued.

On appeal, the Wunderlichs contend that (1) the district court did not have subject matter jurisdiction because First National and the Wunderlichs are not diverse parties; (2) the district court should have enforced a forum selection clause contained in the labor and material bonds issued by First National that vests exclusive jurisdiction in the state courts of Rensselaer County; and (3) summary judgment was not properly awarded since genuine issues of material fact still remained.

*1. Subject matter jurisdiction*

"When reviewing the district court's assumption of subject matter jurisdiction, we

accept its findings of fact unless they are clearly erroneous, while examining questions of law *de novo.*" *Briarpatch Ltd., L.P. v. Phoenix Pictures, Inc.,* 373 F.3d 296, 302 (2d Cir.2004) (citing *McGinty v. New York,* 251 F.3d 84, 90 (2d Cir.2001)).

The district court's conclusion that First National is a "far-flung corporate enterprise" whose "nerve center" is in Washington state is not clearly erroneous. *See R.G. Barry Corp. v. Mushroom Makers, Inc.,* 612 F.2d 651, 655 (2d Cir.1979). Thus, First National is not a citizen of New York for purposes of diversity jurisdiction. Given the Wunderlichs' admission that they are citizens of New York, therefore, we affirm the district court's denial of the Wunderlichs' motion to dismiss for lack of diversity.

## 2. Proper venue

The Wunderlichs also contend that a forum selection clause in the labor and material bonds issued by First National governs the instant action for indemnification, which was brought pursuant to the indemnification agreement.

In this case, the labor and material bonds and the indemnity agreement are separate and distinct contracts except to the extent that the Wunderlichs' obligation to indemnify is triggered by fulfillment of First National's obligations under the bonds. The action before the Court was brought pursuant to the indemnity agreement between the parties—not the underlying construction contracts and not the bonds—and the Wunderlichs cite no persuasive authority to advance the argument that a bond issued by a surety creates obligations under, or is incorporated by reference into, a general indemnity agreement. Moreover, the Wunderlichs do not allege any additional facts suggesting that the parties intended the two contracts to be interdependent, *see Nat. Union Fire Ins. Co. of Pittsburgh, Pa. v. Turtur,* 892 F.2d 199, 204 (2d Cir.1989), such that the forum selection clause would apply to the indemnity agreement. Therefore, we affirm the district court's denial of the Wunderlichs' motion to dismiss for improper venue.

## 3. Genuine issues of material fact

Finally, the Wunderlichs argue that there remain genuine issues of material fact so that the district court erred in granting summary judgment to First National.

Summary judgment may be granted only if there is no genuine issue of material fact to be tried and the moving party is therefore entitled to judgment as a matter of law. *See* Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Although the court must resolve all ambiguities and draw all reasonable inferences in favor of the party against whom summary judgment is sought, *see Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986), "conclusory statements, conjecture, or speculation by the party resisting the motion will not defeat summary judgment," *Kulak v. City of New York,* 88 F.3d 63, 71 (2d Cir.1996) (citing *Wyler v. United States,* 725 F.2d 156, 160 (2d Cir.1983), and *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986)).

The Wunderlichs contend that genuine issues of fact remain with respect to: (1) "[t]he determination of 'good faith and reasonableness' regarding amounts paid by surety First National"; (2) the allocation of payments by First National for " 'extra work' or 'additional work' accomplished for the Town of Schaghticoke which was not work required to be done by the Wunderlich firm"; (3) "[w]hether the appellee

made payments to contractors and materialmen with respect to the Town's Contract 3P–99, with respect to which appellee did not issue either a labor and material bond or a performance bond"; (4) the "[d]etermination of why [First National] did not collect from the [Town] the additional monies owned to the Wunderlich firm"; and (5) the "[d]etermination of why [First National] did not oppose the termination of the Wunderlich firm as the [Town's] contractor."

None of the Wunderlichs' arguments has merit. With respect to arguments (4) and (5), the district court correctly noted that the Wunderlichs had not alleged any legal or contractual duty on the part of First National to oppose the termination of the Wunderlichs or collect money the Wunderlichs claim they were owed.

Arguments (2) and (3) are also unpersuasive. The indemnity agreement between First National and the Wunderlichs provides, *inter alia:* (1) "Surety shall have the exclusive right for itself ... to determine in good faith whether any claim or suit upon any Bond shall ... be paid, compromised, defended or appealed." Because the "good faith" clause in the indemnity agreement precludes litigation over questions of whether the Wunderlichs were "actually liable for the payments claimed ... or actually defaulted on their contracts," *Gen. Accident Ins. Co. of America v. Merritt–Meridian Constr. Corp.,* 975 F.Supp. 511, 516 (S.D.N.Y. 1997), arguments (2) and (3) must fail.

Finally, by simply reciting their belief that First National paid out several claims in error as evidence of First National's bad faith, the Wunderlichs have asserted nothing more than conclusory allegations insufficient to survive a motion for summary judgment. Since the Wunderlichs have not carried their burden of demonstrating the existence of a triable issue of material fact, we affirm the district court's grant of First National's motion for summary judgment.

For the foregoing reasons, the judgment of the district court is hereby AFFIRMED.